IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEON MOSES | * | |
| | * | Civil Action No.  CCB-14-3763 |
| Petitioner | * | Criminal Action No. CCB-02-0410 |
| | * | |
| v | * | |
| | * | |
| UNITED STATES OF AMERICA | * | |
| | * | |
| Respondent | * | |
| | *** | |

## MEMORANDUM

Pending is Keon Moses's second motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255. (ECF No. 637.)  Moses provides no evidence the motion has been certified by the United States Court of Appeals for the Fourth Circuit, and the motion will be dismissed without prejudice.

## BACKGROUND

Keon Moses was convicted by a jury of conspiracy to possess with the intent to distribute and to distribute fifty grams or more of cocaine base, unlawful use and brandishing of a firearm, and unlawful use of a firearm causing death, and was sentenced to life without the possibility of release. The United States Court of Appeals for the Fourth Circuit affirmed his conviction on November 13, 2007 in *United States v. Foster*, 507 F.3d 233 (4th Cir. 2007).

Moses's first motion to vacate was denied on October 7, 2010. (ECF Nos. 551, 581, 582.) The United States Court of Appeals for the Fourth Circuit denied his request for a certificate of appealability. (ECF No. 594.)

**DISCUSSION**

Moses brings this § 2255 motion pursuant to 28 U.S.C. § 2255(f)(3) and premised on *Rosemond v. United States*, 134 S. Ct. 1240 (2014). Insofar as Moses asserts his claims are timely under § 2255(f)(3) because they arose after *Rosemond* was decided in 2014, his position is unavailing. Under § 2255(f)(3), a one-year limitations period begins to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court *and made retroactively applicable to cases on collateral review*." 28 U.S.C. § 2255(f)(3) (emphasis added). In *Rosemond*, 134 S. Ct. at 1240, the Supreme Court held that to prove a defendant aided and abetted the use of a firearm during a crime of violence or a drug trafficking crime under 18 U.S.C. § 924(c), the defendant must have had advance knowledge that a gun would be used in the underlying drug trafficking offense or crime of violence. *Id*. at 1249-51. Moses appears to contend that the government did not prove he had advanced knowledge that guns would be used and that his aiding and abetting convictions now violate *Rosemond.* (ECF No. 637 at 14-15).

Moses does not show *Rosemond* is retroactively applicable to cases on collateral review. Courts that have considered this question to date have found *Rosemond* is not retroactively applicable to cases on collateral review. *See, e.g.*, *Linton v. United States*, 2014 WL 2964074, at *1 (D. Md. June 27, 2014); *Whitener v. United States*, 2014 WL 6808789, at *2 (W.D.N.C. December 2, 2014); *Vazquez-Castro v United States*, 2014 WL5302972, at *7 (D.P.R. September 30, 2014); *Gentile v. Fox*, 2014 WL 3896065, at *8 (C.D. Cal. July 11, 2014) *report and recommendation adopted*, 2014 WL 3896071 (C.D. Cal. Aug. 8, 2014). Moreover, the court notes there was substantial evidence at trial to show Moses had knowledge that guns would be used during the commission of the crimes for which he was convicted.

This court lacks jurisdiction to consider second or successive motions filed under 28 U.S.C. § 2255 unless the motion has been certified in advance by a panel of the appropriate circuit court of appeals *and* found to contain either (1) newly discovered evidence bearing on the innocence of the movant, or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). As Moses neither provides evidence he has obtained pre-filing authorization nor demonstrates *Rosemond* has retroactive application to cases on collateral review, this case will be dismissed without prejudice.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the court declines to issue a certificate of appealability because Moses has not made a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

## CONCLUSION

For these reasons, the court will deny and dismiss the motion to vacate without prejudice by separate order. A certificate of appealability shall not issue.

December 18, 2014                                            /S/
Date                                                         Catherine C. Blake
                                                             United States District Judge